IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JAMES DELESTER CRANDLE, :
# 0635209,
 :
    Plaintiff,
 :
vs.                                         CA 16-0550-CG-MU
 :
C.O. SIMS, et al.,
 :
    Defendants.

## ORDER

This cause is before the undersigned on plaintiff's motion seeking appointment of counsel, as well as a speedy trial, his medical records and any "video[/]audio of this case[.]" (Doc. 18.)

Turning first to Crandle's request for counsel, the undersigned recognizes that "'[a] plaintiff in a civil case has no constitutional right to counsel.'" *McDaniels v. Lee,* 405 Fed.Appx. 456, 457 (11th Cir. Dec. 20, 2010), quoting *Bass v. Perrin,* 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, "[c]ourt appointed counsel in civil cases is warranted only in 'exceptional circumstances,' and whether such circumstances exist is [] committed to district court discretion." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) (citations omitted). "Exceptional circumstances justifying court appointment of counsel exist if the facts and legal issues in the plaintiff's case are so novel or complex that assistance of a trained practitioner is required." *Sanks v. Williams*, 402 Fed.Appx. 409, 411 (11th Cir. Oct. 22, 2010), citing *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). "'The key is whether the *pro se* litigant needs help in presenting the essential

merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.'" *Smith v. Belle*, 321 Fed.Appx. 838, 846 (11th Cir. Mar. 20, 2009), quoting *Kilgo, supra*, 983 F.2d at 193. Here, Crandle has not established that his case (factually and/or legally) is too complex for him to prosecute, *Sanks, supra*, nor has he established that he is not competent enough to present the essential merits of his position to this Court, *cf. Smith, supra* ("Smith points out that the district court declined to appoint him counsel, arguing that his head injury, caused by Persac's assault, impaired him from presenting his case. Smith is correct that any mental impairment would likely be a relevant consideration in determining whether counsel should have been appointed. However, the district court correctly found that Smith did not sufficiently demonstrate such an impairment, as his alleged head injury occurred back in 2001, which was seven years earlier. In this respect, an examination of Smith's filings throughout the litigation reveals that, while he was not schooled in the law, he was able to present adequately the 'essential merits' of his position to the district court." (internal citations omitted; emphasis in original)); in fact, the record in this case establishes the contrary (*see, e.g.*, Docs. 1 & 16).[1] Therefore, plaintiff's motion for appointment of counsel (Doc. 18) is **DENIED**. *See, e.g., Shaw v. Cowart*, 300 Fed.Appx. 640, 643 (11th Cir. Nov. 13, 2008) ("Here, the facts and legal claims are not complicated, and a review of Shaw's pleadings and motions demonstrates that he had an adequate understanding of the issues in this case. Therefore, we conclude that this case 'is not so unusual that the district court abused its discretion by refusing to appoint

---

[1] In other words, at all times relevant hereto Crandle has managed to present his straightforward excessive use of force claim to this Court in a coherent fashion.

counsel.' For the same reasons, we also conclude that Shaw is not entitled to counsel on appeal." (internal citation omitted)), *cert. denied*, 556 U.S. 1189, 129 S.Ct. 1998, 173 L.Ed.2d 1097 (2009).

As for plaintiff's request for a speedy trial (Doc. 18), the undersigned simply notes that the right to a speedy trial is guaranteed only to those charged with a criminal offense, not to those who bring a civil action. U.S. Const. amend. VI ("In all *criminal prosecutions*, the accused shall enjoy the right to a *speedy* and public *trial*[.]" (emphasis supplied)).

To the extent plaintiff seeks the production of the entire cache of his medical records (Doc. 18), the movant has failed to establish that the defendants did not attach all relevant medical information to their special report (*see* Doc. 13, Attachments to Exhibit 1, Affidavit of Tunglia Hawkins). And, finally, as for "audio[/] video of this case," Crandle has not established either that such audio/video of the incident on September 6, 2016 actually exists or the propriety of his receipt of this information. *Cf. Howard v. Memnon,* 2013 WL 1175256, *6 (M.D. Fla. Feb. 12, 2013) (noting that videotapes of the events in question were ordered to be filed with the court under seal), *report & recommendation adopted,* 2013 WL 1175253 (M.D. Fla. Mar. 21, 2013), *aff'd,* 572 Fed.Appx. 692 (11th Cir. Jul. 15, 2014). Accordingly, plaintiff's April 3, 2017 Motion (Doc. 18) is **DENIED IN ITS ENTIRETY**.

**DONE** and **ORDERED** this the 7th day of April, 2017.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**